1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Ryan Smith, individually and on behalf of          No. 2:20-cv-01778-KJM-DB
     similarly situated employees,
12                                                        ORDER
                              Plaintiff,
13

14          v.

15   Superior Farms,

16                            Defendant.

17

18

19          Ryan Smith alleges his former employer, Superior Farms, "altered records" of the hours

20   he and other employees worked "so that the total number of hours they worked was reduced, and

21   so that it appeared that employees took their breaks as required by law even when they were not

22   able to timely take meal breaks."  Compl. ¶ 1, ECF No. 1.  He filed this complaint on behalf of a

23   putative class of former employees, asserting claims under California law and the federal Fair

24   Labor Standards Act.  *See generally id.*

25          In Smith's fourth claim, he alleges Superior Farms violated California Labor Code § 204.

26   *Id.* ¶¶ 41–45.  With a few exceptions not relevant here, section 204 requires wages to be paid

27   "twice during each calendar month, on days designated in advance by the employer as the regular

28   paydays."  Cal. Lab. Code § 204(a).  Superior Farms moves to dismiss this fourth claim.  It argues

                                                    1

1    section 204 does not guarantee any right to wages, but rather only that wages be paid on time.

2    *See* Mot. Dismiss at 7–9, ECF No. 5-1.  Smith does not oppose the motion.  *See* Joint Stmt. at 3,

3    ECF No. 7.  The matter was submitted without a hearing by minute order.  ECF No. 8.

4          Superior Farms is correct:  "Section 204 requires the payment of wages in a timely

5    manner; it does not provide a right to wages."  *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d

6    1114, 1136 (N.D. Cal. 2011), *aff'd*, 546 F. App'x 613 (9th Cir. 2013).  Because the complaint

7    does not allege wages were paid late, it does not state a claim under section 204.

8          Claim four is **dismissed with leave to amend**.  *See Sonoma Cty. Ass'n of Retired Emps. v.*

9    *Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) ("Courts may decline to grant leave to amend

10   only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the

11   movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

12   to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'"

13   (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

14         If Smith elects to amend his complaint, and if amendment is possible within the confines

15   of Rule 11, the amended complaint must be filed **no later than fourteen days before the status**

16   **(pretrial scheduling) conference**, which is currently set for February 25, 2021.  Minute Order,

17   ECF No. 8.

18         This order resolves ECF No. 5.

19         IT IS SO ORDERED.

20    DATED:  December 15, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE