**BOUTIN JONES INC**.
James D. McNairy (SBN 230903)
jmcnairy@boutinjones.com
Andrew M. Ducart (SBN 29371)
aducart @boutinjones.com
555 Capitol Mall, Suite 1500
Sacramento, CA 95814
Telephone: (916) 321-4444
Fax: (916) 441-7597

Attorneys for Defendant Ellensburg Lamb Co., Inc.,
d.b.a. Superior Farms (erroneously sued and served as
"Superior Farms")

Clayeo C. Arnold (SBN 65070)
Joshua H. Watson (SBN 238058)
Clayeo C. Arnold,
A Professional Law Corporation
865 Howe Ave.
Sacramento, CA 95825
Telephone: (916) 777-7777
Fax: (916) 924-1829
Email: jwatson@justice4you.com

Attorneys for Plaintiff Ryan Smith, individually,
and on behalf of similarly situated employees

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SMITH, individually and on behalf of similarly situated employees,<br><br>        Plaintiff,<br><br>  v.<br><br>SUPERIOR FARMS,<br><br>        Defendant. | No. 2:20-cv-1778 KJM DB<br><br>**STIPULATED PROTECTIVE ORDER** |

This Stipulated Protective Order ("Protective Order") is entered into by and between Plaintiff Ryan Smith and Defendant Ellensburg Lamb Co., Inc., d.b.a. Superior Farms (erroneously sued and served as "Superior Farms"), by and through their counsel of record, in order to facilitate the exchange of information and documents in this action which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights.

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the Parties anticipate that, given the nature of the claims in this action, they will be asked to produce documents, provide testimony and/or otherwise disclose confidential, third party private information, private personnel information, trade secret, proprietary business, and/or financial information, and/or other information that requires protection as confidential (hereinafter defined as "Confidential Information").

WHEREAS, the Parties to this Action specifically expect that Defendant will be asked to produce personnel, time, and payroll records that implicate the constitutionally-protected privacy rights of its employees, as well as internal business records relating to Defendant's employment policies and practices and business operations that contain highly proprietary and sensitive business information, the disclosure of which poses a substantial risk of harm to the Defendant's proprietary and financial interests, including but not limited to (i) proprietary information related to Defendant's operations, (ii) sensitive data regarding non-party employees of Defendant and other third parties; and (iii) other proprietary technical or commercially sensitive information that is not otherwise available to the public, including, but not limited to, information implicating commercial or trade secret interests of Defendant;

WHEREAS, the disclosure of any such Confidential Information within this Action is made solely for purposes of this Action and shall not be used for any other purpose;

WHEREAS, the Parties to this Action seek this Protective Order to establish procedures that will protect all Confidential Information while expediting the discovery process, limiting the occasion for discovery disputes regarding confidentiality and facilitating the disposition by the Court of any disputes that may arise in connection with discovery.

IT IS HEREBY STIPULATED, by and between the Parties, through their respective attorneys of record, as follows:

This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure and discovery duties created by the Federal Rules of Civil Procedure.

**A.  DEFINITIONS**

The following definitions shall apply to this Protective Order:

1. The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2. "Document" refers to all things that come within the definition of a "writing," "recording," or "photograph" contained in Rule 1001 of the Federal Rules of Evidence; including, without limitation, documents of any kind, however reproduced and however transcribed or translated; electronic storage devices, electronic recordings of any kind, including computer program files, data files, source code, CD-ROM, or electronic mail; photographs or other visual or audio visual recording of any kind; including still or motion pictures, microfilm, microfiche, videotapes, or laser discs; and sound recording of any kind, including voicemail, cassette, microcassettes, or compact discs.  Every original draft, iteration or non-identical copy is a separate Document as that term is used herein.

3. "Confidential" shall mean information designated "Confidential" pursuant to this Protective Order.  Information designated "Confidential" is that which concerns or relates to private third party information, and/ or proprietary business, commercial and/or trade secret interests of a Party as determined in good faith by the attorneys representing the Designating Party.  Confidential Documents, material, and/or information shall be used solely for purposes of litigation.  Confidential Information shall not be used by the non-Designating Party for any business or other purpose, unless agreed to in writing by all Parties to this Action or as authorized by further order of the Court.

4. "Confidential Document" shall mean any Document that any Producing Party (as defined below) designates as "Confidential" in the manner set forth in this Protective Order.

5. "Confidential Information" shall mean any information not made available to the general public that concerns or relates to private, personal, proprietary business, trade secret, and/or financial information and that may be subject to a protective order under applicable law.

6. "Designating Party" shall mean the party in this Action, or any third parties, designating a Document as "Confidential."

7. "Producing Party" shall mean the Party producing Documents or providing testimony or other written discovery responses in this Action, whether informally or pursuant to the Federal Rules of Civil Procedure.

8. "Receiving Party" as used herein shall mean the Party that receives disclosure or discovery material in this Action.

9. "Legend" as used herein shall mean a stamp or similar insignia stating "Confidential," or other appropriate term or terms identifying the level of confidentiality of the Document.

10. "Court" shall refer to the United States District Court for the Eastern District of California, and include any judge to which this Action may be assigned as well as court staff participating in such proceedings.

11. When reference is made to any Document, the singular shall include the plural, and the plural shall include the singular.

## B. TERMS OF THE PROTECTIVE ORDER

1. **Designation of Documents.**

    a. Any Producing Party may designate any Document as "Confidential" that the party reasonably, and in good faith, believes contains Confidential Information.

    b. The Producing Party may designate a Document as "Confidential" by affixing the appropriate Legend to all copies of the Document (or CD or disk produced) at the time of production. The Producing Party must make document designations at the time of production or within a reasonable time thereafter if such designations are inadvertently omitted.

    c. Alternatively, if it is not feasible to mark or designate a Document as described above in Section B(1)(b), the Producing Party may send a cover letter with the Document noting which portions of the Document are "Confidential." This shall have the same force and effect as affixing the appropriate Legend to all copies of the Document.

    d. A party may designate as "Confidential," a Document produced by someone else which contains or refers to Confidential Information by informing, in writing, all Parties of the Bates number of such Document within seven (7) days of that Party's receipt of the Document or within seven (7) days of the entry of this Protective Order, whichever is later.

  e. Any Party may designate a deposition or hearing transcript (or any portion thereof or exhibit thereto) which reveals Confidential Information as "Confidential" by: (i) making such designation on the record during the deposition or hearing (in which case, the stenographer shall affix the appropriate Legend to the cover page and all designated pages of the transcript and all copies thereof); or (ii) informing counsel for all other Parties of such designation in writing within thirty (30) days of receipt of the transcript (in which case, any party in possession of an original or copy of the transcript shall affix the appropriate Legend to the cover page and all designated pages and exhibits).

  2. **Provisions and Limitations of Use.**

  a. All Confidential Documents in this Action shall be used solely for purposes of the prosecution, defense, or settlement of this Action; including, without limitation, discovery, motions, briefs, and preparation for the trial, and for no other purpose, except as otherwise stated within this Protective Order. This Protective Order does not affect the admissibility of Confidential Documents or Confidential Information in this Action.

  b. Unless the Designating Party agrees otherwise, and subject to the provisions regarding "Confidential" information below, documents designated "Confidential" and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall not be disclosed to any person except:

   i. The Court;

   ii. Designated counsel of record and employees of designated counsel of record;

   iii. The Parties and representatives of the Parties;

   iv. Independent contractors, experts, consultants, or advisors who are employed or retained by, or on behalf of, any of the Parties or counsel for the Parties to this Action to assist in preparation of the trial;

   v. Stenographic reporters who are involved in depositions or any proceedings in this Action;

   vi. Copy service vendors;


Case 2:20-cv-01778-KJM-DB   Document 14   Filed 04/13/21   Page 6 of 12

      vii. Deponents and witnesses; and

      viii. Any other person as to whom the Parties agree in writing that disclosure is appropriate.

  c. "Designated counsel" as set forth in Section B(2)(b)(ii) above are limited to counsel of record in this Action and in-house legal counsel for the entity Parties. Other than persons as expressly set forth in this Section, no other counsel shall be permitted access to Documents designated "Confidential" in this Action, unless otherwise agreed to by all of the Parties in writing.

  3. **Duty to Inform of Order.** Unless the Designating Party agrees otherwise, Documents designated "Confidential" may be disclosed to persons referred to in Section B(2)(b), only after such persons have been provided with, and have reviewed, a copy of this Protective Order.

  4. **Persons Required to Sign Order.** Unless the Designating Party agrees otherwise, Documents designated "Confidential" may be disclosed to persons referred to in categories (iv), (vii) and (viii) of Section B(2)(b), only after these persons have been provided with a copy of this Protective Order and have signed the certification attached hereto as Exhibit A. This certification shall be retained by the counsel to the Party disclosing the Confidential Documents or Confidential Information, and shall not be discoverable by any other Party unless a dispute arises concerning an alleged violation of this Protective Order.

  5. **Copies.** Any person who obtains access to material designated as "Confidential" shall not make copies, abstracts, extracts, analyses, summaries, or other materials which contain, reflect or disclose Confidential Information, except for use in this litigation, and each such copy, abstract, extract, analysis, summary, or other material which contains, reflects or discloses Confidential Information, is to be treated in accordance with the provisions of this Protective Order. In the event that copies are made in accordance with the foregoing, all such copies shall constitute, and be treated as, "Confidential" Documents as provided in this Protective Order. Any person making, or causing to be made, copies of any "Confidential" Documents shall make certain that each copy bears the appropriate Legend, pursuant to the requirements of the Protective Order.

  6. **Agreement to Maintain Confidentiality.** Unless and until otherwise ordered by the Court, or otherwise agreed by the Parties, all Documents designated as "Confidential" shall be


6
Stipulated Protective Order

treated as such under this Protective Order.

7. **Objections to Designation.** Following the receipt of Documents (including deposition or hearing transcripts) marked "Confidential," any Party to the Action may object to the designation of such Document and seek a modification of such designation by serving a written objection on the Designating Party. Thereafter, the Parties shall first make a good faith effort to resolve such dispute. If the Party objecting to the designation and the Designating Party are unable to resolve the objection to a "Confidential" designation, the Party objecting to the designation may at any time during the pendency of the Action move the Court for an order with respect to the disputed information. No part of this section will affect the Designating Party's burden to show that the Document is correctly designated as "Confidential." If a Party files a motion regarding a designation under this Section of the Protective Order, the designated information shall be lodged with the Court separately and not filed.

8. **Separate Protective Order or Modification of This Protective Order.** This Protective Order shall be without prejudice to the right of the Parties to the Action to present a motion to the Court for a separate protective order as to any particular Document or information including restrictions differing from those specified in this Protective Order. In addition, this Protective Order shall not be deemed to prejudice the Parties, in any way, in any future application for modification of this Protective Order.

9. **Additional Disclosure.** If either counsel wishes to disclose "Confidential" material to any person not identified in paragraphs B(2)(b) and B(2)(c) above; including, without limitation, a party that produced the "Confidential" material, or any third party who was the author or recipient of material produced in this litigation that is designated "Confidential," he or she must proceed in the following manner: the names of the persons to whom "Confidential" material is to be disclosed shall be provided in writing to lead counsel for the Producing Party, along with the basis for his or her need to know, and a description with reasonable specificity of the Confidential material to be disclosed. Counsel for the Producing Party shall have seven (7) days to object to such disclosure in writing. If no objection is made in that time, the request is deemed granted. If an objection to the disclosure is asserted by counsel to the Producing Party, the Party wishing to disclose the

confidentially-designated materials must apply for relief to the Court. Such material shall not be disclosed pending a decision by the Court on such motion. Prior to the disclosure of "Confidential" material to any such person, the person must agree to be bound by the terms of this Protective Order by signing the Certificate of Acknowledgment in the form of Exhibit A hereto. By such execution, the person represents that he or she understands the terms of this Protective Order and that he or she agrees to be bound by its terms. The person will be shown only such identified "Confidential" materials as are essential to enable him or her to render the assistance required and will not have the right to retain copies or originals of the Documents reviewed.

10. **Filing Confidential Material.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any "Confidential" material. A Party that seeks to file under seal any "Confidential" material must comply with Local Rule 141. "Confidential" material may only be filed under seal pursuant to a court order authorizing the sealing of the specific "Confidential" material at issue. Pursuant to Local Rule 141, a sealing order will issue only upon a request establishing that the "Confidential" material at issue is entitled to protection under applicable law. If a Receiving Party's request to file "Confidential" material under seal pursuant to Local Rule 141 is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

11. **Inadvertent Production of Confidential Documents or Information.** The inadvertent production or disclosure of any Confidential Document or Confidential Information shall not, in itself, constitute a waiver or impairment of any claim of confidentiality, privilege or other protection from discovery. All Parties, however, reserve all rights to challenge the confidential status of such inadvertent production or disclosure. Upon learning that information protected from discovery has been inadvertently produced or disclosed, the non-Producing Party who received such information shall make good faith and reasonable efforts to reclaim any such Document and copies thereof that may have been provided to any third party and/or to prevent further disclosures or dissemination of such information.

///

12. **Subpoena of Confidential Document or Confidential Information.** If, at any time, any Confidential Document or Confidential Information is subpoenaed, or otherwise requested by any other person or entity purporting to have authority to require the production of any such document or information, the Party to whom the subpoena or other request is directed shall give written notice within three (3) business days thereof to the Designating Party and shall make no disclosure unless the Designating Party has consented to such a disclosure in writing.

13. **Continuation of Protection After Disposition.** The termination of proceedings in the Action shall not relieve any of the Parties from the obligation of maintaining the confidentiality of all Confidential Documents and Confidential Information produced and designated pursuant to this Protective Order, unless all of the Parties to the Action agree otherwise. Upon the final disposition of the Action, the Parties shall, within thirty (30) days, promptly return any Confidential Documents (and all copies made thereof) to the Producing Party from whom such Documents were obtained; provided, however, that the Parties' counsel shall be entitled to keep in their possession any court filings or filings made with the Court, deposition transcripts or hearing transcripts, legal memoranda, correspondence, and/or attorney work product, all of which shall continue to be governed by this Protective Order.

IT IS SO STIPULATED.

Dated: April 8, 2021          BOUTIN JONES INC.


By:  _____/s/ James D. McNairy_____
           JAMES D. MCNAIRY

Attorneys for Defendant Ellensburg Lamb Co., Inc., d.b.a. Superior Farms (erroneously sued and served as "Superior Farms")

Dated: April 8, 2021          CLAYEO C. ARNOLD, APLC


By: /s/ Joshua H. Watson (as authorized on 4/8/2021)
           JOSHUA H. WATSON

Attorneys for Plaintiff Ryan Smith, individually, and on behalf of similarly situated employee

**Order**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

////

////

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: April 12, 2021                    /s/ DEBORAH BARNES
                                         UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**DECLARATION AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], of _____ [print or type full address], declare that I have read, in its entirety, and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Eastern District of California on _____ [date] in the case of Ryan Smith v. Superior Farms, Case No. 2:20-cv-01778-KJM-DB.  I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose, in any manner, any information or item that is subject to this Stipulated Protective Order to any person or entity, except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____